STOULIG, Judge.
Plaintiff, Mrs. Mary Butler Ory, instituted this suit to recover damages from the defendant, Joseph Ireland, allegedly caused by his negligence in setting fire to his mattress and using an excessive amount of water in extinguishing it. Plaintiff’s apartment is located one floor directly below that of the defendant, and she allegedly sustained damage to various items of furnishings caused by water dripping from defendant’s apartment. From a judgment dismissing her action for the cost of repairing or replacing her damaged antique furniture, plaintiff has lodged this appeal.
It is apparent from the record that the fire which defendant discovered in his apartment at approximately 8 a. m. was caused by his negligence. Fie immediately threw three or four buckets of water over the smouldering mattress, then dragged it to the balcony of his third floor apartment and dropped it down to the street below. Momentarily thereafter, the fire department arrived at the scene.
One of the witnesses, Maurice Cazaubon, a fire prevention inspector assigned to investigate the cause, recalled that defendant admitted the fire started from a candle which had been knocked, or had fallen, from a mantel to a mattress and box spring below it. Captain William Harrell, also on the scene, established there was water near the bed in defendant’s quarters and he noted streaks of water trickling down the wall in plaintiff’s apartment and some wet spots in the ceiling. The furniture allegedly damaged was located in a grouping that would have been immediately below the area of the burning mattress and in the path of the trickling water. From this evidence we conclude defendant negligently started a fire and some of the water he poured on the mattress dripped into plaintiff’s apartment.
As to the cause and amount of damages plaintiff sustained, we find the evidence insufficient to reverse the judgment of the trial court.
Plaintiff was the only witness to testify that the damage to her antiques evidenced itself within hours of the fire. Inspector Cazaubon and Captain Harrell could not recall whether or not there was water on the furniture.
Some two years after the occurrence of the fire, plaintiff retained present counsel, who, on May 21, 1972, sought the services of an expert in assessing the amount of damages occasioned by the fire. Plaintiff attempted to qualify the appraiser as an expert as to the cost of repairing or re *283 placing the damaged antiques. His experience consisted of operating a wholesale and retail antique business for 16 years. He has never engaged in the repairing of damaged antique furniture and testified, in connection with his qualifications, that he contracted out his own repair work.
Assuming arguendo the credentials of this witness serve to qualify him as an expert appraiser, we are not impressed by his testimony. To illustrate, he estimated that all the damage was two years old and was caused by water. When asked how he had determined the age of the damage he stated, “Everything so derived from examination.” What factors were taken into consideration to assess the age of water damage to wood and fabric was not explained.
While his unrebutted testimony might suffice to establish the replacement value of antiques, we cannot give great weight to his testimony as to the cost of repairs, the age or cause of damage. Furthermore, replacement involves economic feasibility of repairing, in which field the witness lacks expertise. Additionally, his testimony fails to state upon what facts his conclusions in these areas are based.
For the reasons assigned, the judgment appealed from is affirmed. Costs of this appeal are to be borne by the appellant.
Affirmed.